IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donte Mitchell, | Case No. 1:11 CV 2744 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, Warden, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Donte Mitchell filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is in state custody at Trumbull Correctional Institution ("TCI"). Respondent is TCI Warden, Bennie Kelly. Petitioner alleges the state trial court erred by sentencing him to consecutive sentences, and seeks immediate release from custody (Doc. No. 1 at 5). Petitioner also filed a Motion for Appointment of Counsel (Doc. No. 2).

## BACKGROUND

Petitioner pled guilty in May 2005 to four counts of aggravated robbery with a one-year firearm specification, two counts of kidnaping, and two counts of attempted murder with a three-year firearm specification. In August 2005, the trial court sentenced him consecutively on all counts for a total of 40 years of incarceration (Doc. No. 1 at 1).

Petitioner immediately appealed, arguing the consecutive sentences were in error because the trial court did not make the requisite findings under Ohio Revised Code 2929.14(E)(4). In July 2006, the state court of appeals vacated and remanded Petitioner's sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004). *State v. Mitchell*, 2006 WL 1935238 (Ohio Ct. App. 2006).

The trial court re-sentenced Petitioner in March 2007, again imposing a 40-year sentence, stating:

> The Court imposes a prison sentence at the Lorain Correctional Institution of 40 years. 1 year on gun specs in each of Counts 1, 2, 4 and 8 to run prior to and consecutive with 3 years on base charges in each of Counts 1, 2, 4 and 8; 3 years on Count 10; 3 years on gun specs in each of Counts 14 and 20 to run prior to and consecutive to 6 years on base charges in each of Counts 14 and 20; 3 years on Count 13 -- For a total of 30 years base charges plus 10 years on gun specs. Post release control is part of this prison sentence for 5 years for the above felonies under R.C. 2967.28.

*State v. Mitchell*, Case No. CR-05-462052-B (Cuyahoga Cnty. Ct. Com. Pl. March 27, 2007). Petitioner filed a Notice of Appeal on June 10, 2010. The Eighth District Court of Appeals dismissed his appeal *sua sponte* on September 1, 2010 for failure to file the record.

Petitioner subsequently filed another notice of appeal on December 9, 2010 with the state appellate court which dismissed this appeal *sua sponte* five days later. Petitioner also filed several motions in the trial court, including a motion to withdraw guilty plea and motion for corrective sentence. The trial court denied both of these motions in March 2011.

Petitioner filed a motion for delayed appeal in the Ohio Supreme Court on October 19, 2011, arguing (1) the trial court had erred in sentencing him to consecutive sentences, and (2) ineffective assistance of counsel. The Ohio Supreme Court denied his motion for delayed appeal on November 30, 2011. *State v. Mitchell*, 2011 WL 6015638 (Ohio S. Ct. 2011).

Petitioner filed this Petition for Writ of Habeas Corpus on December 19, 2011 (Doc. No. 1 at 1), raising a single ground for relief: namely, the state trial court erred by sentencing him to consecutive sentences (Doc. 1 at 5). Petitioner also requested legal counsel (Doc. 2).

## STANDARD OF REVIEW

A federal court may entertain a habeas petition filed by a person in state custody only on the ground his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this Court must undertake a preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If so, the petition must be dismissed. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243). Because Petitioner is appearing *pro se*, the allegations in his Petition must be taken as true and construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), applies to habeas petitions filed after its effective date. *See Woodford v. Garceau*, 538 U.S. 202, 210 (2003). Because Mitchell's Petition was filed on December 19, 2011, well after AEDPA's effective date in 1996, the AEDPA governs this Court's consideration of his Petition.

This Court finds Petitioner's claims are procedurally defaulted. A petitioner may not raise a claim in a federal habeas proceeding if a failure to comply with a state procedural rule prevented him from raising that claim in state court. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). A state

procedural default precludes habeas review when (1) the state procedural rule applies to the petitioner's claim and petitioner failed to comply with that rule; (2) the state actually enforced the procedural sanction; and (3) the state procedural forfeiture is an "adequate and independent" state ground on which to foreclose federal habeas review. *Id*. If these three elements are present, the petitioner can overcome the procedural default by either "demonstrat[ing] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

The Petition's sole ground for relief is the trial court erred by sentencing Petitioner to consecutive sentences. He states he was "misled to believe that his plea deal of 13 years was a plea that the courts would honor [and] the courts took it upon themselves to disregard the plea agreement and over sentence [him]" (Doc. No. 1 at 5). Petitioner, however, waited over three years to take any legal action with respect to his March 2007 re-sentencing. He filed notices of appeal in June and December 2010, each dismissed *sua sponte*. Petitioner also failed to timely appeal to the Ohio Supreme Court, delaying that appeal until October 2011, over four years after his re-sentencing and approximately ten months after the state appellate court dismissed his second appeal.

In light of the above, this Court finds Petitioner failed to comply with both the Ohio appellate and supreme court filing deadlines. Ohio Rules of App. Proc. 5(A); Ohio S. Ct. Prac. R. 2.2(A). Procedural default occurs when the last state court rendering a decision makes a plain statement basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255 (1989). In cases where no state court has addressed petitioner's issues in a reasoned judgment, but has denied relief in a summary fashion, the federal habeas court must determine whether the decision rested on an "adequate and independent"

ground. In such cases, federal courts assume "that had the state court addressed [the] petitioner's . . . claim, it would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Moreover, the Sixth Circuit recently held a prisoner's failure to promptly file a motion for delayed appeal to an Ohio appellate court can serve as the basis for the procedural default of a petitioner's habeas claim. *Stone v. Moore*, 644 F.3d 342, 348 (6th Cir. 2011). In addition, the Ohio Supreme Court's denial of a motion for delayed appeal procedurally bars a claim from federal habeas review. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

In this case, Petitioner waited three years before moving for a delayed appeal in the Ohio court of appeals. When that court denied Petitioner's motions, he waited approximately ten months before filing a motion for delayed appeal in the Ohio Supreme Court. That court summarily denied Petitioner's motion, implicitly finding he had not established good cause for his delay. Petitioner's failure to timely file his motion for delayed appeal constitutes procedural default.

Even if Petitioner could demonstrate his delay was the result of ineffective assistance of counsel, there is no evidence his claim would succeed on appeal. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner fails to identify any constitutional issues for a timely appeal, and does not provide any reason for the excessive delay in filing his motion. *See Smith v. State of Ohio Dept. of Rehabilitation & Correction*, 463 F.3d 426, 435–36 (6th Cir. 2006) (finding petitioner had failed to demonstrate prejudice sufficient to excuse procedural default, despite counsel's failure to timely notify him on appellate decision, where petitioner did not take prompt action to file delayed appeal). Further, Petitioner fails to allege actual innocence or that a failure to consider his claims would result in a

fundamental miscarriage of justice. Accordingly, this Court finds Petitioner's claims are procedurally defaulted.

## CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith, and there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253.

IT IS SO ORDERED.

                                         s/ *Jack Zouhary*
                                         JACK ZOUHARY
                                         U. S. DISTRICT JUDGE

January 31, 2012